IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARY DECKER, <br>     *Plaintiff*, <br><br> CHRISTOPHER MARK DECKER, <br>     *Intervenor*, <br><br> v. <br><br> SERVIS ONE, INC., CLIFFORD HOMES, LLC, CITIMORTGAGE, INC., AND MRH SUB I LLC, <br>     *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 1:15-cv-01170 |

## DEFENDANT CITIMORTGAGE, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant CitiMortgage, Inc. ("CMI") hereby removes this action from the 368th Judicial District Court of Williamson County, Texas, to the United States District Court for the Western District of Texas, Austin Division, and as grounds for removal states as follows:

### I.   INTRODUCTION AND BACKGROUND

1.  Plaintiff Mary Decker ("Plaintiff") originally filed this lawsuit against Servis One, Inc. d/b/a BSI Financial Services, Inc. ("BSI") and Clifford Homes, LLC ("Clifford") challenging an August 4, 2014 foreclosure sale of property located in Williamson County, Texas (the "Property"). BSI was the mortgage servicer at the time of the foreclosure sale and Clifford was the purchaser of the Property at the foreclosure sale. In her first Amended Original Petition, Plaintiff added MRH Sub I, LLC ("MRH") as an additional defendant, alleging that MRH was the mortgagee at the time of the foreclosure sale. Plaintiff added CMI to the lawsuit through her Second Amended Petition on May 26, 2015, alleging claims against CMI for negligence, breach

1

of contract, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). In her Third Amended Petition, Plaintiff has added new allegations and claims involving alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., including their respective rules and regulations.

2. The Court has federal question jurisdiction over the newly alleged violations of federal law. Because Plaintiff's state law claims arise from the same nucleus of operative facts as the alleged violations of RESPA and TILA, the Court has supplemental jurisdiction over Plaintiff's state law claims.

## II.  STATE COURT ACTION

3. On September 10, 2014, Plaintiff filed her Original Petition in the 368th Judicial District Court of Williamson County, Texas, styled *Mary Decker v. Servis One, Inc. and Clifford Homes, LLC*, Cause No. 14-0835-C368 (the "State Court Action"). Plaintiff alleged claims against Servis and Clifford related to the foreclosure of the Property on August 4, 2014. *See generally* Orig. Pet. The crux of Plaintiff's allegations are that Servis lacked authority to foreclose. *See id.*

4. On January 22, 2015, Plaintiff filed her First Amended Original Petition, adding MRH to the lawsuit. *See* First Am. Orig. Pet. Plaintiff alleged claims for a declaratory judgment, void foreclosure, suit to quiet title, violations of Chapter 12 of the Texas Civil Practice and Remedies Code ("CPRC"), negligence, breach of contract, and violations of the DTPA. *See id.*

5. On May 26, 2015, Plaintiff filed her Second Amended Original Petition, adding CMI to the lawsuit. *See* Second Am. Orig. Pet. Plaintiff alleged that CMI failed to provide her

with notice of a transfer of mortgage servicing to BSI and failed to forward her payments after the servicing transfer. *See id.* Based on these allegations, Plaintiff alleged claims against CMI for negligence, breach of contract, and violations of the DTPA. *See id.*

6. All defendants have answered. All defendants moved for summary judgment and a hearing was set for December 10, 2015.

7. On December 3, 2015, Christopher Mark Decker ("Intervenor") filed a Petition For Intervention, alleging that his credit has been impacted by the foreclosure proceedings that form the basis of Plaintiff's lawsuit. *See* Pet. For Intervention. Intervenor requested the remedy of specific performance and that Defendants be ordered to remove adverse credit information from his credit if Plaintiff "substantially prevails" in her lawsuit. *See id.*

8. On December 3, 2015, Plaintiff filed her Third Amended Original Petition, adding newly alleged claims and allegations related to violations of federal law and regulations under RESPA and TILA. *See generally* Third Am. Orig. Pet. Specifically, Plaintiff alleged new claims for (1) negligence per se against CMI and BSI stemming from alleged violations of RESPA and TILA regulations, (2) violations of RESPA, and (3) violations of TILA.

9. With this Notice of Removal, CMI removes the State Court Action to this Court on the basis of federal question and supplemental jurisdiction, as more fully described below.

### III.  PROCEDURAL REQUIREMENTS

10. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

11. This removal is timely because it is being filed within thirty days of CMI's receipt of Plaintiff's Third Amended Original Petition on December 3, 2015, from which CMI was able to ascertain that this case has become removable. 28 U.S.C. § 1446(b)(3).

12.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

13.     Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously with the filing of this Notice of Removal (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 368th Judicial District Court of Williamson County, Texas.  A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

14.     Defendant MRH and BSI consent to the removal of the State Court Action.  *See* **Exhibit C** attached hereto.

15.     Defendant Clifford consents to the removal of the State Court Action.  *See* **Exhibit D** attached hereto.

### IV.     FEDERAL QUESTION JURISDICTION

16.     The Court has federal question jurisdiction in this matter.  Where an action arises under the Constitution, laws, or treaties of the United States, an action may be removed to federal court.  28 U.S.C. §§ 1331, 1441(a).

17.     Removal of the State Court Action is proper under 28 U.S.C. § 1441(b)(3) and 28 U.S.C. § 1331 because Plaintiff's Third Amended Original Petition asserts claims under the laws of the United States.  A claim "arises under" the laws of the United States when: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) "'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and

---

[1] Wells Fargo has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

state judicial responsibilities.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

18. Plaintiff's claims arise under the laws of the United State because Plaintiff alleges that Defendants violated federal law. Specifically, Plaintiff alleges that Defendants violated RESPA and TILA (and their respective regulations)—two federal statutes that govern consumer finance transactions including mortgage lending. *See* Third Am. Original Pet ¶¶ 39–84. These alleged violations of RESPA and TILA arise under the laws of the United States because they "raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Singh*, 538 F.3d at 338. Accordingly, Plaintiff's alleged violations of RESPA and TILA confer federal question jurisdiction on this Court.

## V.     SUPPLEMENTAL JURISDICTION

14. This Court has jurisdiction over Plaintiff's and Intervenor's state law claims pursuant to 28 U.S.C. § 1367(a). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'" as claims that independently come within the jurisdiction of the court). This Court has original jurisdiction to hear Plaintiff's claims for Defendants' alleged violations of RESPA and TILA. Federal courts have supplemental jurisdiction over state law claims that share a "'common nucleus of operative fact'" with federal claims. *Jamal v. Travelers*

*Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1977)).  This principle applies both to cases originally brought in federal court and those cases removed to federal court.  *Id.* at 806.

15.    Plaintiff's state law claims against CMI for negligence, breach of contract, and DTPA violations share a common nucleus of operative facts with, and form part of the same case or controversy as, Plaintiff's claims for alleged violations of RESPA and TILA.  *See* third Am. Orig. Petition ¶¶ 39–59, 98–113, 120–126.  Likewise, Intervenor's claims appear to be dependent on the outcome of Plaintiff's claims.  Each of Plaintiff's claims arises from CMI's alleged conduct associated with the servicing and foreclosure of the Property.  Thus, 28 U.S.C. § 1367(a) grants this Court supplemental jurisdiction over Plaintiff's state law claims.  Therefore, the Court has jurisdiction over all of Plaintiff's and Intervenor's claims. *See Jamal*, 97 F. Supp. 2d at 806; *Stephens v. LJ Partners*, 852 F. Supp. 597, 600 (W.D. Tex. 1994) (exercising supplemental jurisdiction over state law claims where adjudicating the federal claim required the court to address the same issues that were raised by the state law claims).

WHEREFORE, Defendant CitiMortgage, Inc. removes this action from the 368th Judicial District Court of Williamson County, Texas, to the United States District Court for the Western District of Texas, Austin Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Daniel Durell*

**B. David L. Foster**
State Bar No. 24031555
dfoster@lockelord.com
**Daniel Durell**
State Bar No. 24078450
daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was served as indicated on this 15th day of December 2015, to the following:

**VIA USMAIL**
David Rogers
LAW OFFICE OF DAVID ROGERS.
1201 Spyglass Drive, Suite 100
Austin, TX 78746
(512) 923-1836
(512) 777-5988 (Facsimile)
Matthew Wilson
WILSON LAW OFFICE, PLLC
*Attorneys for Plaintiff*

**VIA USMAIL**
Dr. J. Hyde
THE J. HYDE LAW OFFICE, PLLC
111 East 17th Street #12015
Austin, TX 78711
(512) 200-4080
(512) 582-8295 (Facsimile)
*Attorneys for Clifford Homes, LLC*

**VIA USMAIL**
Michael C. Maus
BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
1900 St. James Place, Suite 500
Houston, TX 77056
(713) 693-2065
(713) 693-2025 (Facsimile)
*Attorneys for Servis One, Inc. d/b/a BSI Financial Services and MRH Sub I, LLC*

**VIA USMAIL**
Alfred N. Kay, Jr.
LAW OFFICES OF KELLY J. WHALEN, PC
611 S. Church St.,
Georgetown, TX 78626
(512) 296-3595
*Attorneys for Intervenor*

 

_____
Daniel Durell

AUS:0518456/00620:618900v1