IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARY DECKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:15-CV-1170-RP |
| | § | |
| SERVIS ONE, INC., CLIFFORD HOMES, | § | |
| LLC, CITIMORTGAGE, INC., and MRH | § | |
| SUB I LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are the Motions for Summary Judgment filed by Defendants Servis One, Inc., doing business as BSI Financial Services ("BSI"), MRH SUB I, LLC ("MRH"), and Clifford Homes, LLC ("Clifford Homes"), (Dkts. 37, 38), and Plaintiff's Motions to Strike. (Dkts. 39, 40). Having considered the pleadings, relevant law, and factual record, the Court issues the following order.

## BACKGROUND

On June 26, 2006, Plaintiff Mary Decker purchased real property located at 1607 Main Street in Cedar Park, Texas. She alleges that she financed the purchase with two loans from Decision One Mortgage Company ("Decision One") and executed a deed of trust (the "Deed of Trust") to secure payment on the loans. The Deed of Trust named Decision One as the lender and an entity named MERS as beneficiary and nominee for the lender and lender's successors and assigns. On or around October 29, 2012, MERS assigned the Deed of Trust to CitiMortgage, Inc. ("CMI"), previously a defendant in this action. Plaintiff alleges that CMI transferred the second of the two loans to Nationstar in the fall of 2013. On January 14, 2014, CMI transferred its servicing rights in the first

loan to BSI, before which time CMI was the servicer for one or both of Plaintiff's loans. CMI assigned the Deed of Trust to Defendant MRH on or around March 14, 2014.

On or around December 27, 2013, CMI sent a letter by first-class mail to Plaintiff's address notifying Plaintiff that CMI would no longer service her loan after January 13, 2014, and that she should make payments after that date to BSI, her new servicer. On January 17, 2014, BSI sent Plaintiff a "Notice of Sale of Ownership of Mortgage Loan" which notified her that MRH was the new creditor on the loan. BSI then sent its own notice of servicing transfer to Plaintiff on January 22, 2014. Plaintiff alleges that she never received any of the notices, and she continued to make electronic payments to CMI. CMI forwarded the first two of these erroneously directed payments to BSI, but thereafter returned the payments to Plaintiff by mail. With each returned payment, CMI included a notice that it would no longer accept payments due to the change of loan servicer. Plaintiff alleges that she did not receive these returned payments and did not know her payments were not being credited.

On or around April 17, 2014, following at least one month during which Plaintiff's payments were not being credited, BSI sent a letter to Plaintiff's address providing formal notice that Plaintiff's loan was in default and warning her that it intended to accelerate the balance due on the loan if she did not cure her default. Plaintiff alleges that she did not receive this notice. Accordingly, she continued to make payments to CMI. On July 1, 2014, BSI sent Plaintiff a "Notice of Acceleration and Notice of Sale," which stated that her property would proceed to foreclosure on August 5, 2014. In August, Plaintiff's property was sold to Defendant Clifford Homes.

On September 10, 2014, Plaintiff filed this suit against Defendants in state court. Defendants removed the action to this Court on December 12, 2015. Plaintiff's Fourth Amended Complaint, filed May 30, 2016, asserts various claims against the several Defendants. Plaintiff's claims are as follows: (1) negligence per se and gross negligence against BSI; (2) violations of the Real Estate

Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, against BSI; (3) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, against BSI and MRH; (4) various requests for declaratory judgment against BSI, MRH, and Clifford Homes; (5) suit to quiet title against Clifford Homes; (6) violations of Texas Civil Practice and Remedies Code § 12.002 against BSI and Clifford Homes; (7) breach of contract against BSI and MRH; (8) unjust enrichment against Clifford Homes; (9) violations of the Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.46, against BSI; (10) violations of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392.301, *et seq.*, against BSI; and (11) wrongful eviction against Clifford Homes.

Defendants BSI and MRH filed their Motion for Summary Judgment on November 10, 2016. Defendant Clifford Homes filed its Motion for Summary Judgment the following day. Although Plaintiff has filed two objections to the evidence BSI and MRH have provided in support of their Motion, Plaintiff has not otherwise filed an opposition to the Defendants' Motions.

## LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544

(5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). The court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

A non-movant's failure to respond does not automatically entitle the movant to summary judgment. *John v. Louisiana,* 757 F.2d 698, 709 (5th Cir. 1985). The burden still rests with the moving party, under Rule 56(c), to show the absence of a genuine issue concerning any material fact, and to show that judgment is warranted as a matter of law. Fed. R. Civ. P. 56(c). If the moving party fails to discharge this burden, summary judgment must be denied—even if the nonmoving party has not responded to the motion. *See, e.g.*, *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981) ("The non-moving party is not required to respond unless and until the moving party has properly supported the motion with sufficient evidence.").

## DISCUSSION

1. **Plaintiff's Motions to Strike Defendants' Summary Judgment Evidence**

Plaintiff has filed two motions to strike Defendant's evidence offered in support of the Motion for Summary Judgment filed by BSI and MRH. (Dkts. 39, 40). In her first Motion, Plaintiff argues that the Court must strike the affidavits of April Smith and Becky Howell because these witnesses were not identified in Defendants' Rule 26 disclosures. (*See* Dkt. 39). Because these affidavits serve to authenticate the attached exhibits, Plaintiff argues that the exhibits also must be excluded. In her second Motion, Plaintiff objects to a letter sent from CMI to Plaintiff notifying her

of a delinquency in her payments. (*See* Dkt. 40). Plaintiff argues that the document is hearsay not within any exception.

Defendants concede that they did not identify April Smith or Becky Howell in their initial disclosures. However, they point out that both witnesses were disclosed to Plaintiff long ago in prior motions. Considering that fact, the importance of the evidence, and the lack of prejudice to Plaintiff, the Court finds that the witnesses' omission from Defendants' disclosures was harmless. *See Bitterroot Holdings, LLC v. MTGLQ Inv'rs, L.P.*, 648 Fed. App'x 414 (5th Cir. 2016) (holding that district court did not abuse its discretion in admitting evidence omitted from Rule 26 disclosures where evidence was central to the case and had been attached to earlier motion).

In her second Motion, Plaintiff argues that the notice from CMI is offered by a co-defendant and is not otherwise authenticated, thus making it inadmissible hearsay. As Defendants point out, however, this document was authenticated by virtue of Plaintiff's production of it in discovery. *See Hannon v. Kiwi Servs.*, No. 3:10-CV-1382-K-BH, 2011 WL 7052795, at *2 (N.D. Tex. 2011) (citing *F.T.C. v. Hughes*, 710 F. Supp. 1520, 1523 (N.D. Tex. 1989) ("The FTC need not produce live witness testimony to demonstrate that a document is a business record; documentary evidence, affidavits, party admission, and other materials will suffice.").

Plaintiff's Motions to Strike are DENIED. (Dkts. 39, 40).

**2.     Defendants' Motions for Summary Judgment**

**A.     Violations of RESPA, TILA, and Implementing Regulations**

**i.     BSI**

Plaintiff claims actual and statutory damages arising from BSI's alleged violations of RESPA, TILA, and their implementing regulations.  However, as Defendants point out, a majority of the regulations Plaintiff alleges were violated contain no enforcement provision. *See* 12 C.F.R.

§§ 1024.39, 1024.33,[1] 1024.40. Plaintiff has not demonstrated that those regulations nonetheless confer private rights of action.

As to the regulations that remain, 12 C.F.R. §§ 1024.41 and 1024.36, the unrebutted evidence in the record demonstrates that BSI has committed no violation. Under 1024.41(f)(1), a loan servicer may not make the first notice or filing required for any foreclosure process unless the borrower has been delinquent for at least 120 days. Plaintiff alleges in her complaint that she was not delinquent on her payments as of December 17, 2013, the date 120 days preceding BSI's Notice of Default. The unrebutted evidence indicates otherwise. (*See* CMI Notice, Dkt. 37-3, at 56 (showing that Plaintiff was delinquent as of December 1, 2013)). Thus, there is no factual dispute as to BSI's compliance with this regulation.

Plaintiff's claim under § 1026.36 also falters. That section requires servicers to credit payments received as of the date of receipt, unless they are non-conforming or the delay in crediting the payment does not result in any charges to the consumer. 12 C.F.R. § 1026.36(f). First, Plaintiff concedes that she never made payments to BSI. Second, nothing in the record or Plaintiff's pleadings shows that BSI failed to credit the two payments forwarded from CMI in a timely manner. Even if Plaintiff could make that showing, she has not alleged that the failure to timely credit payments led to any charges. While Plaintiff's late fees increased in the months following the servicing transfer, (*See* CMI & BSI Notices, Dkt. 37-3, at 4–5), the record indicates that Plaintiff was making her payments nearly two months late—well after monthly late fees would have already been assessed. (Sherman Aff., Dkt. 31-1, ¶¶ 5–7 (noting that Plaintiff attempted to make her December 1, 2013, payment around January 31, 2014)). As the charges stemmed from Plaintiff's untimeliness rather than BSI's, section 1026.36(f) is inapplicable. *See* 12 C.F.R. § 1026.36(f).

---

[1] Section 1024.33(b) sets out the same notice requirements as 12 U.S.C. § 2605(c). While the regulation contains no enforcement provision, the related statute does. However, the record indicates BSI complied with both. (*See* BSI Notice of Servicing Transfer, Dkt. 37-1, at 34).

BSI has demonstrated that it was in compliance with the relevant regulations providing a private right of action. Plaintiff has not responded by showing that there is any present factual dispute as to BSI's compliance. Accordingly, BSI is entitled to summary judgment on Plaintiff's TILA and RESPA claims.

### ii.    MRH

Plaintiff alleges that MRH violated 15 U.S.C. § 1641(g) by failing to provide her with notice that it was the new owner of her mortgage loan. However, Defendants have produced evidence that such notice was in fact provided. (*See* Notice of Sale of Ownership, Dkt. 37-1, at 31). Plaintiff has not responded to this evidence, and has therefore failed to establish a factual dispute concerning MRH's compliance with the statute's notice requirements. Accordingly, MRH is entitled to summary judgment on this claim.

### B.    Negligence Per Se and Gross Negligence

Plaintiff asserts negligence per se and gross negligence claims against BSI on the basis of BSI's alleged breach of its duty to comply with applicable regulations despite being aware of an extreme risk of harm to Plaintiff. Though not entirely clear, the Complaint may also intend to assert a traditional negligence claim against BSI for failure to exercise ordinary care in the operation of its business. Plaintiff alleges that BSI's breaches caused the loss of her home to foreclosure, resulting economic damages and distress.

To state a claim for negligence under Texas law, plaintiffs must show the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Negligence per se is a doctrine in which a statute, rather than the reasonably prudent person standard, supplies the standard of conduct that defines an individual's duty. *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 162 (Tex. App. 2002). A gross negligence claim requires showing two additional elements: (1) viewed objectively from the actor's standpoint,

the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex. 1994).

As noted above, the evidence does not show that BSI has violated any statute or regulation that may furnish a standard of care. Even if it did, Plaintiff's claim is barred by the economic loss rule. Under Texas law, the economic loss rule prevents recovery in tort for purely economic damages where the loss is to the subject of a contract (i.e., the Deed of Trust), or arises from the negligent performance of non-professional services (i.e., loan servicing). *See LAN/STV v. Martin K Eby Const. Co., Inc.*, 435 S.W.3d 234, 243 (Tex. 2014). Plaintiffs alleged losses fall within these categories of economic loss and therefore cannot support a tort claim. *See id.* Finally, because Plaintiff has not satisfied the foundational elements of ordinary negligence or negligence per se, the additional elements of gross negligence are irrelevant. The Court thus finds that BSI's Motion for Summary Judgment should be granted as to Plaintiff's negligence claims.

### C.   Breach of Contract

Under Texas law, the elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica Inc.,* 564 F.3d 386, 418 (5th Cir. 2009). A breach occurs when a party fails to perform a duty required by the contract. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Under Texas law, a party who breaches a valid contract cannot thereafter maintain a claim for breach against the other contracting party. *See, e.g., Choe v. Bank of Am., N.A.,* 605 Fed. App'x 316, 321 (5th Circ. 2015) (citing *Dobbins v. Redden*, 785 S.W.2d 377 (Tex. 1990)).

Plaintiff alleges that BSI committed various breaches of the Deed of Trust. First, she alleges BSI violated the Deed of Trust's prohibition on charging late fees unauthorized under the agreement or forbidden by applicable law, here 12 C.F.R. § 1024.33(c)(1). Next, she alleges that BSI improperly failed to provide her with notice of her default before accelerating her loan. Finally, Plaintiff alleges that BSI failed to give her information concerning the transfer of servicing and that it has failed to provide her with the surplus from the foreclosure sale.

BSI argues that Plaintiff cannot maintain an action for breach of contract because Plaintiff herself was in default. As noted in the Court's Order granting summary judgment to CMI, a provision in the Deed of Trust provides that payments are "deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15." (Deed of Trust, Dkt. 31-2, at 4).[2] Section 15 provides that notices are "deemed to have been given to Borrower when mailed by first class mail[.]" (*Id.* at 9). CMI showed that it sent Plaintiff a notice by first-class mail directing her to send payments to BSI after January 13, 2013. (Sherman Aff. Ex. A-1).Though Plaintiff alleges she never received the notice, her receipt was not required for notice to be deemed given per the terms of her Deed of Trust. (*See* Deed of Trust at 9). Both CMI's summary judgment evidence and Plaintiff's Complaint indicate that Plaintiff continued to send payments to CMI in breach of her Deed of Trust. (*See id.* at 4, 9; Sherman Aff. Ex. A-2; Compl. ¶¶ 35, 102). As Plaintiff was in breach of her Deed of Trust, she cannot maintain an action against BSI for breach of the same. *See, Choe.*, 605 Fed. App'x at 321.

---

[2] Plaintiff's Promissory Note includes similar language requiring Plaintiff to make payments to the place designated by the Note holder. (Sherman Aff. Ex. A-4).

As Plaintiff has not shown that there is any material factual dispute as to her compliance with their contractual obligations, BSI is entitled to summary judgment on Plaintiffs breach of contract claims.

### D.      TDCPA & FDCPA

To support a TDCPA claim, the plaintiff must set forth facts showing that (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector with the meaning of the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See* Tex. Fin. Code §§ 392.001, .301, .304(a). Plaintiff's Complaint alleges that BSI used "deceptive means to collect a debt and misrepresented the amount of debt by claiming there was a default and claiming that [Plaintiff] owed a debt when in fact she had made all payments." (Compl. ¶ 125). Plaintiff also alleges BSI violated the FDCPA's prohibition of "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." Tex. Bus. & Com. Code § 17.46(a).

Plaintiff does not identify when or how these alleged deceptive means or misrepresentation occurred, though it appears Plaintiff's claims stem from the notice BSI sent Plaintiff in April 2014, which informed her that she was in default and stated that she owed a past due balance and late fees. As shown by both CMI and BSI, Plaintiff *was* in default prior to and following the servicing transfer to BSI. (Sherman Aff. 2; Sitterley Aff. 1). This negates Plaintiff's allegation that BSI's representation that Plaintiff was in default and owed a debt was false or deceptive. As Plaintiff has offered no evidence to establish a factual dispute as to whether BSI made any *false* representation concerning Plaintiff's default, BSI is entitled to summary judgment on Plaintiff's TDCPA and FDCPA claims.

### E.      Violations of Texas Civil Practice and Remedies Code § 12.002

Plaintiff claims that BSI and Clifford Homes have violated section 12.002 of the Texas Civil Practice and Remedies Code by using the "fraudulent" Substitute Trustee's Deed to cause financial injury to Plaintiff. (Compl., Dkt. 24, ¶ 95–97). The basis for Plaintiff's claim of fraud is her assertion that she was never in default. However, as stated above, the evidence produced by Defendants indicates otherwise, and Plaintiff has not established a factual dispute on this score. Accordingly, BSI and Clifford Homes are entitled to summary judgment on this claim.

### F.      Claims Against Clifford Homes

Plaintiff's claims for wrongful eviction, unjust enrichment, and suit to quiet title concern only Clifford Homes. These claims are predicated on the invalidity of the foreclosure sale and to that extent are dependent on Plaintiff's claims against the servicers and lenders. As discussed above, Plaintiff's claims against the servicers and lenders are not viable. The evidence produced by the Defendants, which Plaintiff has not rebutted, has established the validity of the foreclosure sale. Accordingly, Clifford Homes is entitled to summary judgment on these claims.

### G.      Declaratory Judgment

Plaintiff seeks to have the Court make various declarations "of void actions and documents." (Compl., Dkt. 24, at 23). These include, among others, declarations that the foreclosure was invalid, that BSI failed to comply with relevant federal regulations, and that BSI was not a mortgage servicer.

As Defendants point out, "a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas County*, 805 F. Supp. 2d 322 (S.D. Tex. 2011). Rather, "[a] declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25,

2009) (quoting *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 193, 194 (5th Cir. 1991)). The above analysis has disposed of all substantive grounds that Plaintiff may have offered as a basis for declaratory relief. Accordingly, Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motions for Summary Judgment, (Dkts. 37, 38), and **DENIES** Plaintiff's Motions to Strike. (Dkts. 39, 40).

**SIGNED** on January 4, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE